# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3161

_____

Steven M. Cooley,                           *
                                            *
                    Appellant,              *     Appeal from the United States
                                            *     District Court for the Southern
        v.                                  *     District of Iowa.
                                            *
Ken Burger,                                 *          [UNPUBLISHED]
                                            *
                    Appellee.               *

_____

Submitted:  March 15, 2006
    Filed:  March 20, 2006

_____

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

An Iowa state jury convicted Steven M. Cooley of forgery in violation of Iowa
Code § 715A.2. The Iowa Court of Appeals affirmed Cooley's conviction, stating:

> A jury reasonably could have found that Kristin Heutmaker made out
> check number 1111 to her mortgage company for $19. She mailed the
> check, but the mortgage company did not receive it. An investigation
> revealed that Cooley, a man unknown to the Heutmakers, presented
> check number 1111 to Horizon Bank. The check was made out to
> himself in the amount of $419. Before cashing the check, the bank
> confirmed Cooley's identity by copying his driver's license. The bank
> retained the copy with its check-cashing ticket. These facts constitute
> substantial evidentiary support for the jury's verdict.

State v. Cooley, 2003 WL 22187576, at *2 (Iowa Ct. App. Sept. 24, 2003) (unpublished). The court also held an earlier conviction could not be used to enhance Cooley's sentence. Id. Cooley was resentenced to imprisonment for five years.

Cooley then brought this federal habeas action under 28 U.S.C. § 2254 asserting there was insufficient evidence to convict him because there was no evidence he knew the check he cashed was forged. The district court[*] denied habeas relief, holding the state court reasonably decided the evidence was sufficient to convict Cooley because the jury could infer intent from the surrounding circumstances.

Cooley now appeals the denial of his habeas petition, challenging the sufficiency of the evidence. We may grant relief on Cooley's habeas claim if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). To prevail, Cooley must show by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record. Id. § 2254(e)(1); Whitehead v. Dormire, 340 F.3d 532, 536 (8th Cir. 2003) (quoting Jackson v. Virginia, 443 U.S. 307, 319-21 (1979)).

Relying on Stallings v. Tansy, 28 F.3d 1018 (10th Cir. 1994), Cooley contends the state court's decision is unreasonable because the state presented no evidence of his intent to defraud the Heutmakers or Horizon Bank, and did not explain how he came into possession of the check. Viewing the evidence in the light most favorable to the verdict and resolving all conflicting inferences in the state's favor, we conclude a rational factfinder could have inferred Cooley acted with intent to defraud, as required for forgery under Iowa law. See Whitehead, 340 F.3d at 537; State v.

---

[*]The Honorable Robert W. Pratt, United States District Court for the Southern District of Iowa.

Acevedo, 705 N.W.2d 1, 4 (Iowa 2005).  The evidence at trial showed Cooley presented the altered check to the bank the day after Kristin Heutmaker had placed it in her mailbox, and examination of the check indicated it had been distressed and washed to remove as much of the original pen ink as possible.  The amount had been increased by four hundred dollars, and the signature appears as Kathy rather than Kristin. Unlike the situation in Stallings, Cooley presented no evidence of innocent possession.  Indeed, Cooley did not rebut any of the unchallenged testimony against him.  Thus, the district court properly denied Cooley's petition for habeas relief.

Accordingly, we affirm.

_____